IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CR-287-WKW |
| | ) | [WO] |
| TONY JAMES LEFLORE | ) | |

## **ORDER**

Before the court is Defendant Tony James Leflore's *pro se* motion to correct. (Doc. # 357.) Mr. Leflore contends that in March 2020, he received a copy of the docket sheet in his criminal case and discovered that he had not received a copy of the Order docketed on September 20, 2019. That Order denied his motion for a sentence reduction under 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines. (Doc. # 356.) He requests that "the district court send him a copy of its September 20, 2019, denial Order and allow [him] the required time allotted to file a proper notice of appeal, on the said Order, if the petitioner finds reasonabl[e] grounds exist to warrant such an appeal." (Doc. # 357, at 1 (alterations added).) Mr. Leflore submitted a declaration under penalty of perjury in support of his motion. (Doc. # 357-1.)

At the court's directive (Doc. # 358), the Government obtained and filed the mail logs for incoming inmate legal mail at FCI Talladega, where Mr. Leflore is incarcerated, for September 2019 and October 2019. (Doc. # 376.) Those logs

substantiate Mr. Leflore's declaration that he did not receive a copy of the September 20, 2019 Order.  Additionally, the Government communicated with FCI Talladega's case management coordinator, who confirmed that, during the relevant period, there is no record of Mr. Leflore's having received any legal mail that would have placed him on notice of the Order.  (Doc. # 376, at 2–3; Doc. # 376-2.)  Based on this information, the Government does not oppose an extension of the appeal deadline under Rule 4(b)(4) of the Federal Rules of Appellate Procedure.

Rule 4(b) of the Federal Rules of Appellate Procedure governs Mr. Leflore's appeal deadline.  *See United States v. Starks*, 264 F. App'x 858, 860 (11th Cir. 2008) (The appeal of the "denial of a § 3582(c)(2) motion, which is a continuation of a criminal action," is governed by Rule 4(b) of the Federal Rules of Appellate Procedure.).  As relevant here, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of the judgment or order being appealed."  Fed. R. App. P. 4(b)(1)(A)(i).  Rule 4(b)(4) provides that, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App. P. 4(b)(4).  However, since "'the deadline in Rule 4(b) for criminal defendants is not jurisdictional,' an objection to an untimely notice of appeal in a criminal case may be forfeited."

*United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010) (quoting *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009)); *see also United States v. Tarabein*, 798 F. App'x 576, 580 (11th Cir. 2020) (Rule 4(b)'s "filing deadline is considered a claims processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case.") (citing *Lopez*, 562 F.3d at 1312–13).

The Order denying Mr. Leflore's motion for a sentence reduction under §3582(c)(2) and Amendment 782 was entered on September 20, 2019. (Doc. # 356.) It is undisputed that Mr. Leflore did not file (or deposit in the institution's internal mail system) a notice of appeal either (1) within Rule 4(b)(1)(A)(i)'s fourteen–day deadline or (2) within Rule 4(b)(4)'s additional thirty-day deadline. *See* Fed. R. App. P. 4(b), 4(c). However, he has demonstrated, and the Government has not refuted, that his failure to file a timely appeal of the September 20, 2019 Order is through no fault of his own. On this record, Mr. Leflore has shown good cause for an extension of the appeal deadline.

In sum, because the Rule 4(b) appeal deadline is non-jurisdictional, Mr. Leflore has shown good cause, and the Government does not oppose an extension of Mr. Leflore's time to appeal, the deadline for Mr. Leflore to file a notice of appeal will be extended as set out below. Accordingly, it is ORDERED that Mr. Leflore's motion to correct (Doc. # 357) is GRANTED as follows:

(1)   The Clerk of the Court is DIRECTED to mail a copy of the September 20, 2019 Order (Doc. # 356) to Mr. Leflore by certified mail, return receipt; and

(2)   The time for Mr. Leflore to file a notice of appeal is EXTENDED to and including **December 1, 2020**.

DONE this 4th day of November, 2020.

                                          /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE