IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CR-287-WKW |
| | ) | [WO] |
| TONY JAMES LEFLORE | ) | |

**ORDER**

Defendant was convicted on drug-trafficking charges and, in 2015, was sentenced to 292 months' imprisonment. (Doc. # 258.) His projected release date is June 5, 2035. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 21, 2022).

Before the court is Defendant's second *pro se* motion for compassionate release in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 407; *see also* Docs. # 416, 424.) Defendant argues that COVID-19 and the confluence of his medical conditions, which include a recent diagnosis of mycosis fungoides (a type of cancer affecting the skin), presents an extraordinary and compelling reason for early release, that the 18 U.S.C. § 3553(a) factors weigh in his favor, and that his release would not endanger any person or the community. Defendant first requested compassionate release from the warden, who denied his request on grounds that Defendant's medical conditions did not fall within the "terminal or debilitating" category for compassionate release. (Doc. # 407-1,

at 2.) While the Government concedes that Defendant has exhausted his administrative remedies, it opposes Defendant's motion. (Doc. # 418.) After careful study of the record, the court finds that Defendant's motion is due to be denied because he has not shown an extraordinary and compelling reason justifying early release.

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). "A statutory exception exists for compassionate release" under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Section 3582(c)(1)(A) offers courts a narrow reprieve to reduce a sentence where the § 3553(a) factors support a reduction, there are "extraordinary and compelling reasons," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The policy statements are found in U.S.S.G. § 1B1.13, and "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Section § 1B1.13 defines "extraordinary and compelling reasons." That definition encompasses four general categories:  medical; age; family circumstances; and a catch-all provision for "other

reasons." § 1B1.13, cmt. n.1(A)–(D).  Section 1B1.13 also requires a judicial determination that, if released, the defendant would not pose "a danger to the safety of any other person or to the community." § 1B1.13(2).

If a defendant fails to demonstrate any of § 3582(c)(1)(A)'s conditions, then he is not entitled to early release. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  Defendant's motion fails on § 3582(c)(1)(A)'s condition requiring an extraordinary and compelling reason for a sentence reduction.

Defendant invokes the medical category of § 1B1.13's definition as supplying a reason that is extraordinary and compelling.  An inmate's medical condition is extraordinary and compelling in two situations:  (1) the medical condition is "a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or (2) the medical condition, although non-terminal, "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the inmate "is not expected to recover." § 1B1.13 cmt. n.1(A).

Defendant's medical conditions are not in dispute and no doubt are serious; however, his conditions, when considered collectively, do not fit within either of § 1B1.13's situations.  First, Defendant's medical records indicate that the stage of Defendant's cancer is not yet known.  (Doc. # 418-3.)  Mycosis fungoides is not necessarily fatal.  (*See* Doc. # 418, at 10, 12.)  Without medical documentation showing Defendant's expected prognosis for his cancer diagnosis, there is an

3

inadequate basis from which to determine whether Defendant is suffering a terminal illness within the meaning of § 1B1.13.

Second, there is insufficient evidence that Defendant's medical conditions prohibit his ability to provide self-care in prison. In *Giron*, the Eleventh Circuit affirmed the district court's denial of an inmate's motion for compassionate release where the inmate's "high cholesterol, high blood pressure, and coronary artery disease" did not diminish his ability to provide self-care and "were manageable in prison, despite the existence of the COVID-19 pandemic." 15 F.4th at 1346–47. Defendant's ability to provide self-care is improved by his transfer from Federal Correctional Institution Talladega to Federal Medical Center Butner ("FMC Butner"). FMC Butner is one of the Bureau of Prisons' facilities designed to accommodate and treat inmates with special medical needs. (Doc. # 418, at 12 & n.12.) Defendant's medical records show that, at FMC Butner, he is being treated for his cancer with oral medications, radiation therapy, and other treatments and that he has been referred to a cancer specialist at Duke University. The medical records also document that his additional medical conditions are being controlled and managed through medications. (Doc. # 418, at 12–13 (record citations omitted).) Evidence is lacking to support a finding that Defendant's provision of medical care at FMC Butner inhibits his ability for self-care.

Also, while Defendant's medical conditions pose an increased risk of severe illness from COVID-19, Defendant represents that he now has had at least one dose of the COVID-19 vaccine. (Doc. # 424, at 9.) The Centers for Disease Control and Prevention ("CDC") provides that "COVID-19 vaccines are effective at preventing infection, serious illness, and death." CDC, COVID-19, COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Apr. 20, 2022). Second, FMC Butner currently only has one active COVID-19 case among its staff and no active cases among its inmates. *See* BOP COVID-19 Cases, available at https://www.bop.gov/coronavirus (last visited Apr. 21, 2022). Defendant's vaccinated status, in combination with the almost non-existent rate of COVID-19 at FMC Butner, disprove the argument that, due to COVID-19, his health conditions warrant compassionate release.

In sum, Defendant has not demonstrated extraordinary and compelling reasons for early release consistent with § 1B1.13. *See Tinker*, 14 F.3d at 1237–38; *Bryant*, 996 F.3d at 1262–64. Because the absence of evidence of extraordinary and compelling reasons is sufficient to "foreclose a sentence reduction," the court need not address the § 3553(a) factors or whether Defendant's release would pose a danger to any person or the community.[1] *See Tinker*, 14 F.4th at 1237–38.

---

[1] The court has received the letters sent by Defendant's children, and the sincerity of those letters is appreciated. Defendant also is to be commended for his exemplary conduct while incarcerated, as demonstrated by the multiple letters from prison personnel (Doc. # 407-1, at 13–

For the foregoing reasons, it is ORDERED that Defendant's *pro se* motion for compassionate release (Doc. # 407) is DENIED.

DONE this 26th day of April, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

22). But these letters do not supplant the requirement that Defendant demonstrate extraordinary and compelling reasons for his release.